IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOSS INTERNATIONAL AMERICAS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 3248 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| A-AMERICAN MACHINE & ASSEMBLY CO., ) | |
| d/b/a A-AMERICAN PRESS PARTS DIVISION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Goss International Americas, Inc. ("Goss") filed a verified complaint against defendant A-American Machine & Assembly Co., d/b/a A-American Press Parts Division ("A-American"), for copyright infringement. Defendant has filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons discussed below, defendant's motion is denied.

## FACTS

Plaintiff manufactures printing presses, press additions, and press systems for newspaper, advertising, and commercial printing and publishing markets. As parts of its manufacturing process, plaintiff creates mechanical drawings of its products and component parts. Plaintiff then simplifies those mechanical drawings and publishes the simplified versions in its catalogs and operation and technical manuals. Each published drawing is marked with some version of "Copyright (initial date), Goss International Corp." Plaintiff applied for copyright registration for several of its diagrams and graphic depictions. The U.S. Copyright Office received applications from plaintiff for its "Community Folder" and "Community Press" diagrams on

February 26, 2007, and it received applications for the "Uniflow 2:1 Folder," "3.2 Folder," "Reel-Tension-Paster," "Metro-Offset," and "Metro Liner" on May 4, 2007.

Defendant, a manufacturer of replacement printing press parts for the newspaper industry, has posted these diagrams and graphic depictions on its website without permission from plaintiff, which plaintiff claims violates its copyrights in these works.

## DISCUSSION

Defendant has moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Rule 12(b)(1) motions to dismiss are premised on either facial or factual attacks on jurisdiction. Villasenor v. Indus. Wire & Cable, Inc., 929 F. Supp. 310, 311 (N.D. Ill. 1996). Facial attacks challenge the sufficiency of the pleadings, while factual attacks challenge the "factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994), cert. denied, 513 U.S. 868 (1994). In either case, the party asserting jurisdiction bears the burden of proof on a 12(b)(1) issue. United Phosphorus, Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003). In reviewing a facial challenge to subject matter jurisdiction, the court will accept all well-pleaded facts in the complaint as true and will draw all reasonable inferences in favor of the plaintiff. Storm v. Storm, 328 F.3d 941, 943 (7th Cir. 2003).

Defendant argues that this court lacks subject matter because plaintiff cannot bring a suit for copyright infringement. To establish copyright infringement, plaintiff must establish: 1) ownership of a valid copyright; and 2) copying of original elements in the work. Feist Publications, Inc. v. Rural Telephone Serv. Co., 499 U.S. 340, 361 (1991).

Valid Copyright

Plaintiff can demonstrate ownership of a valid copyright by demonstrating originality, copyrightability of the matter at issue, and compliance with statutory formalities. Kern River Gas Transmission Co. v. Coastal Corp., 899 F.2d 1458, 1462 (5th Cir. 1990).

Plaintiff must first show that the images in question are "original works of authorship fixed in a tangible medium of expression." 17 U.S.C. § 102(a). According to defendant, plaintiff's diagrams are not "original" because they are merely renderings of the printing presses and component parts themselves and their production did not involve any creativity. Defendant argues that the drawings fall within the "merger doctrine," under which an idea may not receive copyright protection if it is inseparable from the original expression. See, e.g., Mid America Title Co. v. Kirk, 867 F. Supp. 673, 683 (N.D. Ill. 1994).

Defendant is incorrect. Plaintiff's drawings do not simply "illustrate the functional pieces of the component part as they already exist." Instead, they simplify the presses and component parts for the customer and identify each independent piece by inventory number to help the customer in making purchasing decisions. Such identification is sufficient to render the drawings "original" for copyright protection purposes. As plaintiff points out, the drawings need not be novel to be "original"; "even a slight amount [of creativity] will suffice" to establish that the drawings are original for purposes of copyright protection. Feist Publications, 499 U.S. at 345. The fact that the pieces are identified for catalog reasons gives the drawings originality separate from that of the original presses and component parts.

Plaintiff's drawings are "original" and entitled to copyright protection under the statute. Plaintiff must also show that it has complied with all statutory requirements, including

3

registering the copyright before initiating an action for infringement. The Copyright Act states that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Plaintiff argues that registration is effective on the date the Copyright Officer receives all application materials; defendant claims that plaintiff cannot sue until it has received a registration certificate.

As defendant acknowledges, that the circuits are split on this very issue. The Tenth Circuit requires approval of the copyright application before the filing of an infringement claim. See, e.g., La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1201). The Fifth and Eighth Circuits, however, hold that a plaintiff need only send the application, deposit, and fee to the Copyright Office to file an infringement claim. See, e.g., Lakedreams v. Taylor, 932 F.2d 1103, 1108 (5th Cir. 1991) ("a plaintiff has complied with the statutory formalities when the Copyright Office receives the plaintiff's application for registration, fee and deposit"); Action Tapes, Inc. v. Mattson, 462 F.3d 1010, 1013 (8th Cir. 2006).

The Seventh Circuit has stated previously that "an application for registration must be filed before the copyright can be sued upon." Chicago Bd. of Education v. Substance, Inc., 354 F.3d 624, 631 (7th Cir. 2003) (Posner, J.). Judge Posner bases this statement on the fact that once the Copyright Office approves an application, it retroactively lists as the effective date of the registration the date on which it received all application materials from the applicant. 17 U.S.C. § 410(d).

Chicago Bd. of Education v. Substance, Inc. differs somewhat from the instant case, though, because in the case before Judge Posner the Copyright Office had issued a registration

4

certificate. In the instant case, plaintiff has been waiting since May 2007 for some action by the Copyright Office. In the meantime, plaintiff has allegedly suffered financial damage as a result of defendant's copying of its images, as discussed below. Additionally, the statute allows a party to sue for infringement not only after approval of a copyright registration application, but also after a refusal of that registration application. 17 U.S.C. § 411(a). It hardly seems fair, then, to refuse plaintiff the opportunity to sue for infringement until the Copyright Office takes some action when plaintiff will be able to sue after that determination, regardless of the outcome. For that reason, this court adopts the reasoning of the Fifth and Eighth Circuits and finds that plaintiff's registration is effective for purposes of initiating an infringement suit as of the day plaintiff filed its application with the Copyright Office. Because plaintiff has complied with all statutory formalities and has demonstrated originality and copyrightability of the drawings in question, the court finds that plaintiff has demonstrated valid ownership of a copyright.

Copying

Beyond establishing ownership of a valid copyright, plaintiff must also demonstrate copying by defendant. Plaintiff may show copying by demonstrating that defendant had access to the copyrighted work and that defendant's image is substantially similar to that of plaintiff. Kern River Gas Transmission Co., 899 F.2d at 1462.

Plaintiff has made the necessary showing. Defendant had access to plaintiff's drawings because they were published in its catalogs, and the images posted on defendant's website were not merely substantially similar to those of plaintiff, but identical. The court therefore finds that plaintiff has demonstrated copying by defendant.

Because plaintiff has demonstrated that its drawings are entitled to copyright protection, this court does have subject matter jurisdiction, and defendant's motion is denied.

## CONCLUSION

For the reasons discussed above, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is denied. Defendant is directed to answer the complaint on or before December 21, 2007. The parties shall prepare and file a Joint Status Report using the court's form by that date. This matter is set for a report on status December 27, 2007, at 9:00 a.m.

**ENTER:** November 30, 2007

_____
**Robert W. Gettleman
United States District Judge**